Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum": The questions of fact which the jury was called upon to determine were: Did *1159 Hynes, defendant’s treasurer, agree with plaintiff to sell the property to Sher, plaintiff’s client, for $51,000 as testified to by Klonick ? Was there sufficient proof to establish, from all the facts and circumstances, that Hynes had authority, express or implied, to agree with plaintiff to make the sale to Sher? Was Sher ready, able, and willing to enter into the contract to purchase the premises in accordance with the terms of the $51,000 offer, if there was one? If the jury had answered these three questions in the affirmative, plaintiff was entitled to a verdict. If any one or more had been answered in the negative, the verdict must be for the defendant. While these questions may all have been included in the charge of the court, we think they were not clearly stated and that the jury may have been confused as to the facts it must find in order to bring in a verdict for the plaintiff. Either the board of directors or the committee of the board might have authorized Hynes to employ plaintiff to make the sale. The duty was not upon plaintiff to see that such authority was recorded in the minutes; that duty was imposed upon the board or its committee. The failure to make the record would not defeat the plaintiff if the authority had been given. The action was not for specific performance of a contract to sell real property; it was brought to recover real estate commissions. In the interest of justice there should be a new trial so that the issues, after proper instructions from the court, may be passed upon by the jury. All concur, except Taylor, P. J., not voting. (The judgment is for defendant for no cause of action in an action to recover real estate commissions.) Present — Taylor, P. J., McCurn, Vaughan, Kimball and Piper, JJ. =■